**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANCISCO CATALIN DELIU,**

    **Plaintiff,**

vs.                                Case No. 4:23-cv-00171-WS-MAF

**RACHELLE MUNSON,**
**et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Francisco Catalin Deliu, a non-prisoner, initiated this civil rights case against the Florida Board of Bar Examiners claiming violations of his due process rights under the Fifth- and Fourteenth Amendments. ECF No. 1. The Court liberally construed the complaint as being pursued under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the requisite filing fee but filed a motion to proceed *in forma pauperis*, ECF No. 2, which was denied. The Court reviewed Plaintiff's complaint, which was not on the proper form, found it legally insufficient and directed him to amend by **June 2, 2023**. ECF No. 4. The Court also ordered Plaintiff to refile his IFP motion or, alternatively, pay the fee by the same deadline. Id. Plaintiff filed a motion for reconsideration, which was denied. ECF Nos. 5 and 6. Again, the Court

ordered Plaintiff to submit his complaint on the proper form and to refile an IFP motion or, alternatively, pay the fee. ECF No. 6. As a courtesy, the Court extended the deadline until **July 3, 2023**. Id. As of the date of the drafting of this Report, Plaintiff did not amend, did not refile an IFP motion, and did not pay the fee. As explained below, this case should be dismissed.

## I. Plaintiff's Complaint, ECF No. 1.

Plaintiff's complaint is not on the proper form. ECF No. 1. Plaintiff sued fifteen defendants who are members of the Florida Board of Bar Examiners ("the Board"). Plaintiff's complaint is no model of clarity. As best can be determined, Plaintiff applied for admission to the Florida Bar in June 2021 and took the bar examination in July 2021, but his application was "unlawfully suspended." Id., pp. 3-4. Plaintiff claims he is an "admitted barrister" in "multiple jurisdictions overseas," though he does not indicate where, exactly, he is admitted. Id., p. 3.

According to Plaintiff, in August 2021, the Board questioned Plaintiff regarding his eligibility to take the bar examination; then, Plaintiff filed a petition for a waiver of ineligibility. Id., p. 3. In September 2021, the Florida Bar impounded the release of Plaintiff's examination results; and, in October, denied his petition. Id., p. 4. Plaintiff sought reconsideration, which was granted, and passed all necessary parts of the exam. Id.

On January 13, 2023, the Board issued a show cause letter to Plaintiff asking why the application should not be suspended. Id., p. 5. Plaintiff claims it was "for reasons unrelated to the original ineligibility"; however, Plaintiff does not explain any of the ineligibility issues. Id. The Board suspended the application on February 10, 2023. Id. Plaintiff claims there was no basis for the decision; the Board does not have the authority to suspend his application; and the suspension amounts to an "ultra vires" act. Id., pp. 5, 8. Plaintiff seeks declaratory relief and an injunction preventing the Board from applying its decision to his bar application. Id.

Pursuant to N.D. Fla. Loc. R. 5.7(A), a *pro se* litigant must file a civil rights case on the proper "form available without charge from the Clerk or on the District's website . . . The court need not - and ordinarily will not – consider a petition, motion or complaint that is not filed on the proper form." The Court advised Plaintiff to amend his complaint on the proper form on two occasions and failure to comply would result in a recommendation of dismissal, but Plaintiff ignored the Court's orders.

## II. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing

& Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to comply with the Court's orders to properly amend the complaint and refile the IFP motion or pay the filing fee by the deadlines. Plaintiff had liberal opportunity to comply. Dismissal is warranted.

### III. Lack of Jurisdiction

Even if Plaintiff were to amend, this Court does not have jurisdiction over Plaintiff's claims. "Federal district courts lack jurisdiction over claims, based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant." Uberoi v. Supreme Court of Fla., 816 F.3d 1311, 1313 (11th Cir. 2016); see also Kirkpatrick v. Shaw, 70 F.3d 100, 102 (11th

Cir. 1995). The merits of the Florida Supreme Court's decision to deny a bar application may only be reviewed in the Supreme Court of the United States on certiorari. Kirkpatrick, 70 F.3d at 102. District courts have subject matter jurisdiction over "general challenges to state bar rules," like a due process claim; but, the courts "lack jurisdiction because sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, . . . its agencies, and departments . . . whether the relief sought is legal or equitable." Uberoi, 819 F.3d at 1313. The Board of Bar Examiners is an arm of the Florida Supreme Court. See, e.g., Lawrence v. Schwiep, No. 4:05-cv-14-RH-WCS, 2005 U.S. Dist. LEXIS 35471, 2005 WL 2491564 (N.D. Fla. Oct. 7, 2005) (dismissing a challenge to Board disciplinary proceedings based on Younger v. Harris, 401 U.S. 37 (1971)), aff'd sub nom. Lawrence v. Rigsby, 196 F. App'x 858 (11th Cir. 2006); Stoddard v. Fla. Bd. of Bar Examiners, 509 F. Supp. 2d 1117, 1122-24 (N.D. Fla. 2006) (dismissing claims against the Board under the Eleventh Amendment), aff'd, 229 F. App'x 911 (11th Cir. 2007); Diaz v. Moore, 861 F. Supp. 1041, 1048 n.22 (N.D. Fla. 1994) (noting that the Board is an arm of the judiciary and collecting cases); see also Kaimowitz v. Fla. Bar, 835 F. Supp. 619, 621 (M.D. Fla. 1992) (same) (citing Rules Regulating the Florida Bar, 494 So. 2d 977, 979 (Fla. 1986)), aff'd, 996 F.2d 1151, 1155 (11th Cir. 1993).

## IV. Duplicative Cases Warrant Dismissal

Even assuming Plaintiff could amend and sufficiently state a claim, because this case is duplicative of an earlier filed case in this Court, it is subject to dismissal as a sanction for abuse of the judicial process. The federal courts have certain implied powers including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32 (1991). The Eleventh Circuit has held that duplicative cases qualify for dismissal as malicious under § 1915(e)(2)(B). See Daker v. Ward, 999 F.3d 1300, 1305-06 (11th Cir. 2021) (dismissing prisoner case—as an abuse of the judicial process and malicious--where he made the same or substantially similar challenges in two other active federal cases against many of the same defendants).

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's case filed in this Court one week before the instant case in which he raises nearly identical claims but styles the case as "In Re: The Rules of the Supreme Court Relating to Admissions to the Bar" but named no defendant. See N.D. Fla. Case No. 4:23-cv-00156-MW-MJF, ECF No. 1. In the earlier case, Plaintiff alleged the Board committed an ultra vires act relating to his bar application. Plaintiff also alleged that the Florida Supreme Court did not have the authority to create the Board. Dismissal of the instant

case would not prejudice Plaintiff because he may amend his complaint in the earlier case. It bears noting, however, that the Court issued an order directing Plaintiff to "show cause why th[e] case should not be dismissed for failure to comply with a court order, failure to state a claim . . . and failure to prosecute." N.D. Fla. Case No. 4:23-cv-00156-MW-MJF, ECF No. 6.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it fails to comply with the Rules governing this proceeding and because Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where ethe litigant has been forewarned, generally is not an abuse of discretion."). Alternatively, the case may be dismissed for lack of jurisdiction or as an abuse of judicial process. Finally, it is **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on July 11, 2023.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**